[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Kevin Rondeau has appealed his conviction for failing to stop at a red light, in violation of R.C. 4511.12. The three assignments of error are overruled.
The trial court did not abuse its discretion in denying Rondeau's motion for a continuance. See State v. Jones (2001), 91 Ohio St.3d 335,744 N.E.2d 1163. Rondeau stated that he wanted a continuance to obtain the testimony of a witness. The testimony of that witness would have been cumulative to the testimony of Rondeau and the defense witness who testified at trial. "Where the movant cannot demonstrate that the evidence sought to be procured would be non-cumulative or otherwise beneficial, a requested continuance is properly denied." State v. Harmon
(Jan. 26, 1983), Hamilton App. No. C-820112, unreported; State v. Bowman
(Dec. 2, 1981), Hamilton App. No. C-810088, unreported; see State v. Poe
(Oct. 6, 2000), Jackson App. NO. 00 CA 09, unreported; State v. McGuire
(July 17, 1989), Butler App. No. CA88-10-147, unreported; State v.Hunter (Jan. 27, 1982), Hamilton App. No. C-810208, unreported.
The trial court did not err in allowing the deputy sheriff to testify as to the date of, and the circumstances surrounding, the offense. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. See State v. DeHass (1967),10 Ohio St.2d 230, 277 N.E.2d 212, paragraph one of the syllabus.
Rondeau's argument that his conviction must be reversed based upon prosecutorial misconduct is meritless. A criminal conviction will not be overturned on the basis of a comment made by a prosecutor in closing argument unless the comment was improper and prejudicially affected a substantial right of the defendant. See State v. Lott (1990),51 Ohio St.3d 160, 555 N.E.2d 293; State v. Adams (Aug. 24, 2001), Hamilton App Nos. C-000388, C-000389, and C-000390, unreported. The central element of prosecutorial-misconduct analysis is "whether the conduct complained of deprived the defendant of a fair trial." See Statev. Fears (1999), 86 Ohio St.3d 329, 332, 715 N.E.2d 136, 143, citingState v. Apanovitch (1987), 33 Ohio St.3d 19, 24, 514 N.E.2d 394, 400;State v. Larkin (Aug. 17, 2001), Hamilton App. No. C- 000572, unreported. We have reviewed the record, and we hold that none of the prosecutor's statements or actions prejudicially affected Rondeau's substantial rights or denied him a fair trial.
We hold that Rondeau's conviction was based upon sufficient evidence and was not against the manifest weight of the evidence. After reviewing the evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could have found that the essential elements of the crime had been proved beyond a reasonable doubt. See State v. Jones,supra; State v. Stallings (2000), 89 Ohio St.3d 280, 289, 731 N.E.2d 159,171. Further, we cannot say that the trial court lost his way and created a manifest miscarriage of justice. See State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541; State v. Martin (1983),20 Ohio App.3d 172, 485 N.E.2d 717.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.